IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN DAVIS,

                Petitioner,

v.                                                    OPINION and ORDER

WARDEN EMMERICH,                               24-cv-441-jdp

                Respondent.

---

Petitioner John Davis, proceeding without counsel, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. He has also filed a supplement, which the court considers as part of his petition. Dkt. 5. Davis seeks a transfer to another Bureau of Prisons facility. His petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which the court may apply to Section 2241 petitions. *See* Rule 1(b), Rules Governing Section 2254 Cases. Under Rule 4, a district court must dismiss the petition if it plainly appears that the petitioner is not entitled to relief. The court will dismiss the petition because a writ of habeas corpus cannot be used to obtain the relief Davis seeks.

BACKGROUND

Davis is incarcerated at the Federal Correctional Institution in Oxford, Wisconsin. He is serving a 200-month sentence for conspiracy to distribute methamphetamine, with a projected release date of December 2030. Davis says he was assaulted by another petitioner in June 2024. Afterward, he was placed in the institution's segregated housing unit (SHU) while prison staff investigated the incident. Davis was eventually cleared of wrongdoing and told he could return to general population. Officer Pennington, who conducted the investigation, told

Davis that he was not at risk if he returned to general population, but Davis says Pennington's investigation was faulty.

Davis believes that he is not safe to return to general population. He says that when he raised his concerns with prison staff, they said that if he did not want to return to general population, he could remain in the SHU. Davis says neither of these options is acceptable: he feels unsafe in general population, but if he stays in the SHU, he will lose privileges, including the ability to earn credits towards early release under the First Step Act. Davis asks this court to order that he be transferred to a different institution so he can avoid what he says is an unfair choice.

ANALYSIS

The threshold question this court must answer is whether this court can exercise jurisdiction over the petition. A petition for a writ of habeas corpus is the proper vehicle "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 499–500 (7th Cir. 1999).

Davis's petition falls into the latter category of cases described in *Graham*. He is not seeking outright release or challenging his underlying conviction. He is seeking a transfer to a

different prison. But the Seventh Circuit has held that a change from one BOP prison to another is not a quantum change in the level of custody, even if the prison in which the prisoner is housed is on 23-hour lockdown and the transfer facility is not. *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995). If a change from 23-hour lockdown to ordinary prison life is not a quantum change, then a change from a prison in which the prisoner feels unsafe to one in which he doesn't is not a quantum change, either. What Davis wants is a different environment, which cannot be remedied in a habeas corpus action.

The fact that Davis may still be housed under the more restrictive conditions of the SHU doesn't change this conclusion. As Davis acknowledges, he is there by choice; no one is preventing him from returning to general population. Davis just doesn't like his choices. Even if prison officials are violating Davis's constitutional rights by putting him to this choice, habeas relief is not available to him. Instead, Davis must pursue relief under administrative remedies or under civil rights law.

The Seventh Circuit has instructed district courts "not to recharacterize a prisoner's petition for writ of habeas corpus as a prisoner civil rights complaint without his informed consent" because "a habeas corpus action and a prisoner civil rights suit differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible or if possible, disadvantageous to the compared to the dismissal without prejudice of his petition for habeas corpus." *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011). For example, the proper filing fee for a civil action is $405, as opposed to the $5 fee for a petition for writ of habeas corpus. In addition, Davis faces the risk of receiving a "strike" under 28 U.S.C. § 1915(g) if the court concludes that his civil action is frivolous, malicious, or fails to state a claim. So I will not re-

3

characterize the instant habeas petition as a civil complaint for injunctive relief. I express no opinion on the merits of Davis's claims or his ability to succeed in a civil rights suit, should Davis choose to file one.

ORDER

IT IS ORDERED that petitioner John Davis's petition for a writ of habeas corpus under 28 U.S.C. § 2241, Dkt. 1 and Dkt. 5, is DISMISSED without prejudice.

Entered November 15, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge